IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| DOUGLAS TAYLOR, | * | |
| ADC #127483 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 2:22-cv-00055-JJV |
| | * | |
| GARRY KERSTEIN, Doctor, | * | |
| Arkansas Regional Unit, Wellpath, *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Douglas Taylor ("Plaintiff") is an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction. In April 2022, he filed a Motion for Preliminary Injunction, and I issued a Partial Recommended Disposition suggesting it be denied. (Docs. 4, 5). On September 21, 2022, the parties consented to proceed before me. (Doc. 48.) Accordingly, the Partial Recommended Disposition is withdrawn and replaced with this Memorandum and Order.

**II.   STANDARD**

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is dispositive. *Id*. Absent a showing of real or immediate threat, however, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

A preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside the issues in the suit." *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). The moving party bears the burden of proving that a preliminary injunction should be issued. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Id.* (*quoting Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

## III.   DISCUSSION

Plaintiff seeks an injunction "ordering defendants to order diagnostic testing until [they] know what the cause of [his] symptoms rather it's an ultrasound, CT scan or MRI." (Doc. 4 at 1.) After careful consideration of Plaintiff's Motion, I find it must be denied for the following reasons. First, Plaintiff has not sustained his burden of showing that he is likely to succeed on the merits of his claims. Plaintiff's Motion and Complaint reveal he has been receiving treatment but he disagrees with the assessment of his doctor. To succeed on an inadequate medical care claim, a prisoner must prove that he had an objectively serious medical need; and prison officials subjectively knew of, but deliberately disregarded, that serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-08 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Negligence, gross negligence, or a mere disagreement with the treatment decisions does not rise to the level of a constitutional violation. *Langford,* 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Second, a party moving for a preliminary injunction must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471

2

(8th Cir. 1994). This relationship is required because the primary purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable harm from occurring prior to a court's opportunity to rule on the lawsuit's merits. *See Dataphase*, 640 F.2d at 113 n.5. Here, Plaintiff is attempting to obtain affirmative relief rather than preserve the *status quo*. Accordingly, I conclude Plaintiff is not entitled to a preliminary injunction pursuant to Fed. R. Civ. P. 65(a).

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The April 7, 2022 Partial Recommended Disposition (Doc. 5) is WITHDRAWN as moot.

2. Plaintiff's Motion for a Preliminary Injunction (Doc. 4) is DENIED.

3. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order would not be taken in good faith.

DATED this 26th day of September 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE