IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| DOUGLAS TAYLOR, | * | |
| ADC #127483 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 2:22-cv-00055-JJV |
| | * | |
| GARY KERSTEIN, Doctor, | * | |
| East Arkansas Regional Unit, | * | |
| Wellpath, *et al.* | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Douglas Taylor ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Second Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants ADC Director Dexter Payne, Warden Gaylon Lay, Deputy Warden Christopher Johnson, Deputy Warden Michael Richardson, and Major Kenyon Randle violated the Eighth Amendment by failing to provide him with sufficient out-of-cell exercise. (Doc. 23.) All other Defendants have been previously dismissed without prejudice. (Doc. 22.) And the parties have consented to proceed before me. (Doc. 48.)

Defendants have filed a Motion for Summary Judgment arguing the claims against them should be dismissed because Plaintiff did not properly exhaust his administrative remedies. (Docs. 50-52.) Plaintiff has filed a Response and Exhibits. (Docs. 53, 55.) On December 2, 2022, I granted Plaintiff an extension until January 10, 2023 to further respond to the Motion. (Doc. 56.) But he has not done so. After careful consideration and for the following reasons, the Motion for Summary Judgment is DENIED.

II.     **SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

III.    **ANALYSIS**

   A.    **The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

      **B.**    **The ADC's Exhaustion Procedure**

The ADC grievance policy in effect at the relevant time in this case was Administrative Directive 19-34. (Docs. 50-1, 50-2.) This Directive establishes a three-step procedure. (*Id*.) First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The form must include a brief statement that is specific as to the substance of the issue or complaint to include the date, place, "personnel involved or witnesses," and how the policy or incident affected the inmate submitting the form. (*Id*. § IV(E)(2)). Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit or

claim dismissed by the court or commission for failure to exhaust against all parties. (*Id*. § IV(C)(4).) And, the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.* at 20.) The problem solver must respond to the informal resolution within three working days. (*Id*. § IV(C)(4) and (7).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance with the Warden on the same Unit Level Grievance Form within three working days. (*Id.* § IV(E)(11) and (F)(5)(7). The Warden must provide a written response to the formal grievance within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the response or does not timely receive a response, must appeal within five working days to the ADC Assistant Director. (*Id*. § IV(F)(8) and (G).) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at IV(G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

The ADC Inmate Grievance Supervisor says in her sworn declaration Plaintiff filed two relevant grievances: EAM-21-2230 and EAM-22-546. (Doc. 50-1.) Plaintiff has not offered any contrary evidence. (Docs. 53, 55.)

In EAM-22-546, Plaintiff alleged he was not receiving sufficient out of cell exercise. (Doc. 33 at 13-16; Doc. 50-4.) The grievance was denied, and Plaintiff appealed. (*Id*.) On May 11,

2022, the ADC Deputy Director found Plaintiff's appeal had merit and said he would instruct the warden to take corrective action. (*Id.*)

It is well settled a prisoner must complete the exhaustion process <u>before</u> filing a lawsuit in federal court. *See Booth v. Churner*, 532 U.S. 731, 734 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"); *Johnson,* 340 F.3d at 627 ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies <u>before</u> filing suit in federal court" and dismissal is mandatory if "exhaustion was not completed at the time of filing") (emphasis in the original); *Harris v. Kemna*, No. 05-2746, 2005 WL 3159569 (8th Cir. Nov. 29. 2005) (affirming dismissal when exhaustion was not complete at the time of filing). And the ADC's grievance policy reminds prisoners they "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit." (Doc. 50-2 at 19.) Plaintiff commenced this lawsuit on April 4, 2022, which was before he completed the exhaustion process as to EAM-22-546 on May 11, 2022. Thus, EAM-22-546 is not proper exhaustion.

In EAM-21-2230, Plaintiff said he had not received yard call in the last sixty days. (Doc. 50-5.) But he did not include the names of the individuals involved as required by the ADC's grievance policy in his grievance or final appeal. (*Id.*) Instead of rejecting the grievance for that procedural error, ADC officials addressed it on the merits initially and on appeal.[1] (*Id.*) The Eighth Circuit has held "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). Accordingly, I conclude Plaintiff properly exhausted his conditions of confinement claim

---

[1] The final appeal was entered on January 14, 2022, which was before Plaintiff commenced this action. (Doc. 50-5.)

against Defendants in EAM-21-2230. *See Emery v. Kelley,* No. 1:18-cv-98-DPM-PSH, 2019 WL 4447273 (E.D. Ark. Sept. 16, 2019) (if a grievance does not specifically name anyone, then the ADC's response on the merits waives the procedural error); *Wilson v. Arkansas Dep't of Corr.*, No. 5:14-cv-00248-SWW-PSH, 2016 WL 1626770 (E.D. Ark. Mar. 30, 2016), *rec. adopted,* 2016 WL 1611443 (same); *Daniels v. Hubbard,* No. 5:14-cv-00360–BSM, 2015 WL 9222627 (E.D. Ark. December 17, 2015) ("The ADC cannot now resurrect a flaw in grievance procedure after deciding the grievance on the merits").

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. 50) is DENIED.

2. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order would not be taken in good faith.

DATED this 17th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE